UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RAHASAAN AVANT,

    Plaintiff,

v.                                          Case No. 3:21cv871-LC-HTC

DIANE STEFANI, et al.,

    Defendants.

_____/

REPORT AND RECOMMENDATION

Plaintiff, Rahasaan Avant, a pretrial detainee at the Escambia County Jail proceeding *pro se* and *in forma pauperis*, initiated this suit attempting to bring claims under 42 U.S.C. § 1983 relating to his charges and pretrial detention in a pending state criminal proceeding. ECF Doc. 1. The matter was referred to the undersigned for preliminary screening and report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2 (C). Upon consideration, the undersigned respectfully recommends that this case be dismissed *sua sponte* for failure to state a claim and without leave to amend.

**I.**      **BACKGROUND**

In the *pro se* complaint, Plaintiff sues Diane Stefani, Assistant State Attorney, Pensacola, in her official capacity; William Eddins, State Attorney, in his official

capacity; and United States of America Attorney General, Merrick Garland, in his official capacity. ECF Doc. 1 at 2-3.

Plaintiff alleges that, on December 8, 2020, he was charged by Information by Assistant State Attorney Stefani and State Attorney Eddins with bringing controlled substances into a county detention facility on November 18, 2020 and with possession of controlled substances on that date. *Id.* at 6. Although he never explicitly claims the charges are false or invalid, he argues the charges were "in substantial violation[] of the defendant's 1st, 4th, 5th, 6th, 8th, 13th, 14th, 15th amendment[] rights" and that his pretrial detention in Escambia County Jail constitutes slavery, a hate crime, and obstruction. *Id.* at 7.

His complete statement of claims consists of the following:

> (1) Indictment or information exhibit (A) attached being (non) substantially pled not guilty in special plea in abatement at (non) valid arraignment proceedings, an abolished not guilty plea. In bar of former jeopardy, former immunity, former acquittal. (2) count (one) and count (two) abandoning the chief cornerstone demanded by Article (3) section (6) of the Florida Constitution lacking <u>one</u> <u>subject</u> <u>one</u> <u>matter</u> as well as (non) substantially charging (two) third degree felonies independently and corroboratively by reference to their titles only. Abandoning F.S.A. 26.012(2)(D) <u>one felony</u> <u>one</u> misdemeanor out of the same set of circumstances as a felony also being charged. Indictment or information lacks exclusive felony subject matter jurisdiction in law of equity.

*Id.* at 8.

Case No. 3:21cv871-LC-HTC

For relief, he requests only the following: "An apology for being forced into an abolishment of not guilty at (non) valid arraignment proceedings of involuntary servitude slavery, exists here and a hate crime." *Id.* at 8.

## II.   LEGAL STANDARD

Because Plaintiff is a prisoner proceeding *in forma pauperis* and seeking relief against a governmental employee, the Court has an obligation to review the complaint, identify cognizable claims, and dismiss the complaint, or any portion thereof, if the complaint "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a), (b); *see also* 28 U.S.C. § 1915(e)(2)(B) (applying the same standard to *in forma pauperis* proceedings).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) a violation of federal law or the Constitution; and (2) that the alleged violation was committed by a person acting under the color of state law. *Holmes v. Crosby*, 418 F.3d 1256, 1258 (11th Cir. 2005) (per curiam). Dismissals under the PLRA for failure to state a claim are generally governed by the same standard as dismissals under the Federal Rules of Civil Procedure. In screening the complaint, the Court reads Plaintiff's pro se allegations in a liberal fashion. *See Haines v. Kerner*, 404 U.S. 519 (1972).

## III. DISCUSSION

Although his complaint is not a model of clarity, it is apparent Plaintiff is seeking federal court relief for actions taken by state prosecutors in an ongoing state criminal proceeding. Because the prosecutors enjoy absolute immunity, Plaintiff does not allege any personal involvement by the United States Attorney General, and the Court should abstain under the *Younger* abstention doctrine, the complaint fails to state a claim against any defendant, and an amendment is likely to be futile.

### A.   *Younger* Abstention

Under the *Younger* doctrine, a federal court should abstain from exercising jurisdiction over certain matters that are pending in state court. *See Younger v. Harris*, 401 U.S. 37 (1971). As the Eleventh Circuit has explained, "[f]ederal courts [should] abstain from hearing cases that would interfere with state proceedings where those proceedings are ongoing, they implicate important state interests, and there is an adequate opportunity to raise constitutional challenges in those proceedings." *Daniels v. Geraldi*, 578 F. App'x 811, 811 (11th Cir. 2014) (citing *Younger*, 401 U.S. at 37).

There are three (3) factors for a court to consider in determining whether abstention is required. "[F]irst, do [the proceedings] constitute an ongoing state judicial proceeding; second, do the proceedings implicate important state interests; and third, is there an adequate opportunity in the state proceedings to raise

constitutional challenges." *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *see also Old Republic Union Ins. Co. v. Tillis Trucking Co.,* 124 F.3d 1258, 1261 (11th Cir. 1997). Each of those factors are met here.

As to the first factor, Avant's complaint is entirely based on an ongoing criminal proceeding relating to introducing a controlled substance into a county detention facility and possession of a controlled substance on November 18, 2020. *See* ECF Doc. 1 at 4-5 (admitting in complaint that he is a pretrial detainee in "pending criminal case" involving those two charges). The online docket sheet in Escambia County case number 2020 CF 5050 A, which is available online,[1] shows that Avant was arrested for those two crimes on November 18, 2020 and that the case is still ongoing. *See* 2020 CF 5050 A, *State of Florida v. Avant* (Escambia County). As of July 31, 2021, the next docket day was set for August 5, 2021. *See id.*

An adjudication in the instant case would interfere with the state proceeding in that, to succeed in this case, the Plaintiff would have to show that his arraignment or detention was invalid, which would imply the invalidity of the charges against

---

[1] A federal court may properly take judicial notice of state court dockets. *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 652 (11th Cir.), *cert. denied sub nom. Paez v. Inch*, 141 S. Ct. 309 (2020); Fed. R. Evid. 201(b)(2). The online docket can be found by conducting a query at the following site: https://public.escambiaclerk.com/BMWebLatest/Home.aspx/Search.

Case No. 3:21cv871-LC-HTC

him in the state case. *See, e.g., Boyd v. Georgia*, 512 F. App'x 915, 918 (11th Cir. 2013) ("A finding that the traffic stop was unconstitutional would interfere with the state court's adjudication of the validity of the traffic citation. Thus, the federal proceeding would interfere with the state proceeding" and abstention by the district court was proper).

The second *Middlesex* factor, whether the state proceedings implicate important state interests, also weighs in favor of abstention. States clearly have an interest in prosecuting violations of their laws. *See, e.g., Juidice v. Vail*, 430 U.S. 327, 335 (1977) (recognizing important state "interest in the enforcement of its criminal laws"); *Christman v. Crist*, 315 F. App'x 231, 232 (11th Cir. 2009) ("The ability to prosecute DUI charges is an important state interest . . . ."); *Bullard v. Gonzalez*, 2015 WL 13831711, at *5 (S.D. Fla. Aug. 31, 2015) (finding important state interest in prosecuting crime of battery on police officers and abstaining from civil rights claim for excessive use of force stemming from same incident).

Finally, the third *Middlesex* factor also weighs in favor of abstention; Plaintiff will have "an adequate opportunity in the state proceedings to raise constitutional challenges." *See Middlesex*, 457 U.S. at 432. An adequate opportunity to raise constitutional challenges exists so long as state procedural law does not bar the party from raising the constitutional claim." *Daniels v. Geraldi*, 578 F. App'x 811, 811 (11th Cir. 2014). "[I]nterference in pending proceedings is inappropriate unless state

Case No. 3:21cv871-LC-HTC

law clearly bars the interposition of . . . [federal] constitutional claims." *Davis v. Lansing*, 851 F.2d 72, 76 (2d Cir. 1988) (internal quotation marks omitted) (citing *Middlesex*, 457 U.S. at 432). "The burden of showing inadequacy of state procedure for this purpose rests with the federal 'plaintiff'—here, [Godwin]." *Id.* (citing *Pennzoil Co. v. Texaco, Inc.,* 481 U.S. 1 (1987)). Plaintiff will have the opportunity to challenge the validity of his charges and his arraignment in his state criminal case, though state appeals and in state collateral proceedings.

Accordingly, the Court should abstain from exercising jurisdiction over Plaintiff's claims.

### B. Prosecutorial Immunity

Even if the Court were to exercise jurisdiction over Plaintiff's claims, despite *Younger*, Defendants Stefani and Eddins are immune from liability for acts taken in their roles as prosecutors. "A prosecutor enjoys absolute immunity from allegations stemming from the prosecutor's function as advocate." *Jones v. Cannon*, 174 F.3d 1271, 1282 (11th Cir. 1999). Such absolute immunity "extends to a prosecutor's acts undertaken in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State." *Id.* (quotation marks omitted); *accord Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1279 (11th Cir. 2002). Prosecutors have absolute immunity even when "filing an information without investigation, filing charges without jurisdiction, filing a baseless detainer,

offering perjured testimony, suppressing exculpatory evidence, refusing to investigate ... complaints about the prison system, [and] threatening ... further criminal prosecutions ...." *Hart v. Hodges*, 587 F.3d 1288, 1295 (11th Cir. 2009) (quotation marks and citations omitted).

Plaintiff challenges the filing of the Information against him by these prosecutors. As noted above, both enjoy absolute immunity in matters related to filing an Information. *Jones*, 174 F.3d at 1282. Also, any actions taken by either prosecutor during his arraignment were taken "in the course of [the prosecutor's] role as an advocate for the State" and are therefore protected by absolute immunity. *Id.* Avant's complaint therefore fails to state a claim against Defendants Stefani and Eddins.

### C. Lack of Allegations of Personal Involvement by the United States Attorney General

Plaintiff identifies United States Attorney General Garland as a defendant in the header of his complaint but fails to provide a single reference to him in the complaint. To the extent that Plaintiff believes that the United States Attorney general is the supervisor of the two named prosecutors, he is mistaken. The prosecutors are officers of the State of Florida, not federal prosecutors. Also, even if he were their supervisor, or Plaintiff amended the complaint to name their State of Florida supervisor, a claim based solely on that relationship would fail. "It is well established in this Circuit that supervisory officials are not liable under § 1983 for

Case No. 3:21cv871-LC-HTC

the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir.1999) (internal quotation marks and citation omitted). Instead, supervisory liability under § 1983 occurs either when the supervisor personally participates in the alleged unconstitutional conduct or when there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation. *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir.1990).

Because Plaintiff offers no allegations of personal involvement by the United States Attorney General or any State of Florida counterpart, and cannot conceivably do so in an amended complaint, his complaint against this defendant should be dismissed for failure to state a claim.

### D.   Request for an Apology

Finally, as stated above, the only relief Plaintiff seeks is "[a]n apology for being forced into an abolishment of not guilty at (non) valid arraignment proceedings of involuntary servitude slavery, exists here and a hate crime." ECF Doc. 1 at 8. The Court, however, does not have the authority to issue this type of injunctive relief. *Lightsey v. Meigs*, 2015 WL 4205238, at *5 (S.D. Ala. June 26, 2015) (denying Plaintiff's request for "an order directing 'Defendants to issue to Plaintiff a written statement of their wrong doings along with an apology.'"); *Walker v. Iske*, 2012 WL 5341380, at *2 (M.D. Fla. Oct. 29, 2012) ("Plaintiff's claim for injunctive relief that

an order issue requiring Defendants to apologize to the Muslim population in the PCJ must be dismissed. This Court does not have authority to compel Defendants to apologize."); *Woodruff v. Ohman*, 29 Fed. Appx. 337, 346 (6th Cir. 2002) (unpublished) (concluding that "the district court abused its discretion in ordering Ohman to issue an apology to Woodruff"); *Devonish v. Atl. County Justice Facility,* 2010 WL 3024858 (D.N.J. July 29, 2010) (unpublished) (an apology is not a cognizable remedy) (citations omitted). Therefore, this request for injunctive relief is frivolous and is due to be dismissed.

### IV. CONCLUSION

The Court finds that dismissal of the claims discussed above, rather than allowing a further amendment, is appropriate. The Court finds, for the reasons stated above, that further amendment would be futile. *See Rance v. Winn*, 287 F. App'x 840, 841 (11th Cir. 2008) ("district courts need not permit amendment where it would be futile to do so").

A "district court can only dismiss an action on its own motion as long as the procedure employed is fair." *Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011) (quoting *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir.2006)). To employ fair procedure, a district court must generally "provide the plaintiff with notice of its intent to dismiss or an opportunity to respond." *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1069 (11th Cir.2007). A magistrate judge's report

Case No. 3:21cv871-LC-HTC

and recommendation provides such notice and opportunity to respond. *See Shivers v. Int'l Bhd. of Elec. Workers Local Union* 349, 262 F. App'x 121, 125, 127 (11th Cir. 2008); *Anderson v. Dunbar Armored, Inc.*, 678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009) (noting that report and recommendation served as notice that claims would be sua sponte dismissed).

Accordingly, it is respectfully RECOMMENDED:

1. Plaintiff's complaint (ECF Doc. 1) be DISMISSED for failure to state a claim upon which relief can be granted.

2. The clerk be directed to close this file.

Done at Pensacola, Florida, this 2nd day of August, 2021.

/s/ *Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed **within fourteen (14) days** of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case No. 3:21cv871-LC-HTC